IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| JAMES ZUNIGA, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: CV213-058 |
| FEDERAL BUREAU OF PRISONS; SUZANNE R. HASTINGS; and R&D OFFICER SULLIVAN, | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The undersigned recommended, in a Report dated June 17, 2013, that Plaintiff's Complaint be dismissed for failure to state a claim under Bivens. (Doc. No. 4). Plaintiff objected to the Report and requested that he be permitted to amend his complaint to bring a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346. (Doc. No. 6). By Order dated July 10, 2013, the undersigned vacated the Report and granted Plaintiff's request to file an amended complaint. (Doc. No. 7).

Plaintiff has now filed a First Amended Complaint, alleging a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, Bivens, and O.C.G.A. § 51-

10-1. (Doc. No. 8). A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2).

In Count One, Plaintiff alleges the Bureau of Prisons, Suzanne Hastings, and Officer Sullivan "committed tort in negligence by failing to adequately train staff on property receipt and distribution." (Doc. No. 8, p. 4). The FTCA allows the United States to be sued in the same manner as a private individual. 28 U.S.C. § 2674. The purpose of the FTCA is to "provide redress for ordinary torts recognized by state law." Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (citation omitted). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813 (1976). Consequently, the proper defendant in a claim brought pursuant to the FTCA is the United States. Plaintiff has not named the United States as a defendant in this action. If Plaintiff wishes to bring an action under the FTCA, he should file a new complaint naming the United States as defendant and making specific allegations of negligence based upon acts or omission of government employees.

In Count Two, Plaintiff alleges the Bureau of Prisons, Suzanne Hastings, and Officer Sullivan deprived him "of due process by taking and depriving Plaintiff o[f] his personal property without due process of law." (Doc. No. 8, p. 4).[1] As explained in the undersigned's initial Report, Plaintiff has alternative means to seek redress, which

---

[1] Plaintiff names the Federal Bureau of Prisons as a Defendant in his Bivens action. Proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994). To the extent the BOP is the employer of the correctional officers Plaintiff contends violated his rights, Plaintiff's claims against the BOP cannot be sustained. Additionally, it appears Defendant Suzanne Hastings is named as a Defendant solely because of her position as warden of FCI Jesup. Ordinarily, supervisors are not liable for the unconstitutional acts of their subordinates in a Bivens action. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). In a Bivens suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 1948.

AO 72A
(Rev. 8/82)

precludes recovery under Bivens. See Sharma v. Drug Enforcement Agency, 2013 WL 791396, *5 (11th Cir. March 4, 2013); Byrd v. Stewart, 811 F.2d 554 (11th Cir. 1987). In addition, Plaintiff alleges that Defendants were negligent in the transfer of his property. If Plaintiff intends to allege Defendants acted with negligence, Plaintiff cannot sustain such a claim in a Bivens action. An allegation that defendants acted with negligence in causing Plaintiff injury is not sufficient to support a claim under Bivens. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Bivens "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." See Baker v. McCollan, 443 U.S. 137, 146 (1979).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 20th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE